# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
DISTRICT OF NEW MEXICO
2016 FEB 18 PM 2:23
CLERK-LAS CRUCES

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>A Black and Blue Samsung Cellular Phone Bearing<br>IMSI #A0000048AB3C22 (Subject Telephone #1) | )<br>)<br>) Case No. 16-139 MR<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Subject Telephone #1, more fully described in Attachment A, which is attached and fully incorporated herein.

located in the _____ District of ___New Mexico___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, which is attached and fully incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841 | Possession with Intent to Distribute a Controlled Substance |

The application is based on these facts:

See Attachment C, which is attached and fully incorporated herein.

☑ Continued on the attached sheet.
☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Paul Lujan, FBI Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 18 Feb 2016

City and state: Las Cruces, NM

_____
*Judge's signature*

Gregory B. Wormuth, United States Magistate Judge
*Printed name and title*

# ATTACHMENT A

## PROPERTY TO BE SEARCHED

The affidavit, *see* **Attachment C**, is submitted in support of warrants to search and seize information, more fully described in **Attachment B**, contained in the following electronic devices (referred to in **Attachment B** and **Attachment C** as Subject Telephone #1, Subject Telephone #2, and Subject Telephone #3):

### Subject Telephone #1

Subject Telephone #1 is described as a black and blue Samsung Verizon, flip-style cellular phone bearing IMSI #A0000048AB3C22. Subject Telephone #1 was seized from Daniel Aran at the time of the execution of a search warrant and Aran's arrest on January 28, 2016. Subject Telephone #1 is currently in the custody of the New Mexico State Police in Las Cruces, New Mexico.

### Subject Telephone #2

Subject Telephone #2 is described as a black Verizon Galaxy Note 4, "smart" cellular telephone bearing IMSI #353756073408205. Subject Telephone #2 was seized from Daniel Aran at the time of the execution of a search warrant and Aran's arrest on January 28, 2016. Subject Telephone #2 is currently in the custody of the New Mexico State Police in Las Cruces, New Mexico.

### Subject Telephone #3

Subject Telephone #3 is described as a black and blue Samsung Verizon, flip-style cellular telephone bearing IMSI #A0000048D09DD7. Subject Telephone #3 was seized from Daniel Aran at the time of the execution of a search warrant and Aran's arrest on January 28, 2016. Subject Telephone #3 is currently in the custody of the New Mexico State Police in Las Cruces, New Mexico.

# ATTACHMENT B

## PARTICULAR THINGS TO BE SEIZED/INFORMATION TO BE RETRIEVED

The particular things to be seized include all records, in whatever format, stored on Subject Telephone #1, Subject Telephone #2, and Subject Telephone #3. (collectively referred to as the "Subject Telephones") described in **Attachment A** that are related to violations of 21 U.S.C. §§ 841, including:

1. Digital, cellular, direct connect, and/or other phone numbers, names, addresses, and other identifying information of customers, distributors, sources of supply and other associates of the user of the Subject Telephones;

2. Digital, cellular, direct connect, and/or other phone numbers dialed from, which contacted, or which are otherwise stored on, the Subject Telephones, along with the date and time each such communication occurred;

3. Text message logs and text messages whether sent from, to, or drafted on, the Subject Telephones, along with the date and time each such communication occurred;

4. The content of voice mail messages stored on the Subject Telephones, along with the date and time each such communication occurred;

5. Photographs or video recordings;

6. Information relating to the schedule, whereabouts, or travel of the user of the Subject Telephones;

7. Information relating to other methods of communications utilized by the user of the Subject Telephone's and stored on the Subject Telephones

8. Bank records, checks, credit card bills, account information and other financial records; and

9. Evidence of user attribution showing who used or owned the Subject Telephones, such as logs, phonebooks, saved usernames and passwords, documents, and internet browsing history.

## ATTACHMENT C

## AFFIDAVIT IN SUPPORT OF ORDER AUTHORIZING
## SEARCH WARRANT

I, Paul Lujan, having been duly sworn, does hereby depose and say:

1. I am employed by the Las Cruces Police Department, and I have 13 years of law enforcement experience. I am currently assigned as a Task Force Officer (TFO) with the Federal Bureau of Investigation (FBI) assigned to the Las Cruces, New Mexico, Resident Office. As a TFO, I am empowered by Title 21, Section 878 of the United States Code to effect arrests, searches, and seizures for violations of the federal narcotics laws. I have been a Task Force Officer since Jan. 2012, during which time I have specialized in investigations involving narcotics trafficking. I have received specialized training on the subject of narcotics trafficking and money laundering and have been personally involved in investigations concerning the possession, distribution, and importation of controlled substances, including cocaine and marijuana involved in this investigation as well as methods used to finance narcotic transactions.

2. I am familiar with the facts and circumstances of this investigation as a result of my personal participation in the investigation, discussions with other agents who were involved in the investigation and review of reports written by other agents concerning the investigation.

3. Through my training and experience, I know that narcotics traffickers often maintain one or more cellular or "smart" telephones ("devices") which they utilize to further their narcotics trafficking. Narcotics traffickers use these devices to communicate operational directives and information concerning the conduct of the organization's illegal activities to other organization members, including their suppliers, distributors and other co-conspirators. I know based upon my training and experience that timely communication of information between organizational members is critical to the overall success of an organization's illegal activities. The critical nature of this information is derived from the necessity of the organization's management to provide instructions for the importation, storage, transportation, and distribution of narcotics, as well as the subsequent laundering of the proceeds of these illegal activities.

4. I further know from my training and experience that a cache of information including dialed, received or missed calls and text messages sent, received or placed in draft status, can be found on these devices. I know that the identities and telephone numbers of other participants in the narcotics trafficking activity are maintained in the contact lists of these devices. In my experience, narcotics traffickers also use these devices to take and store photographs or video recordings of themselves with their co-conspirators and with contraband including narcotics, currency and firearms.

Narcotics traffickers also use the GPS or location applications of these devices, which can reveal their whereabouts when they conducted or arranged narcotics related activities or travel. In addition, narcotics traffickers also use these devices to store information related to the financial transactions that occur during the course of their narcotics trafficking, such as drug ledgers and financial accounts and transactions. In my experience, the devices used by narcotics traffickers often contain evidence relating to their narcotics trafficking activities including, but not limited to, contact lists, lists of recent call activity, stored text and voice mail messages, photographs and video recordings, GPS and location information, and financial accounts and records.

5. The following information is based upon my personal knowledge as well as information provided by other federal, state or local officers and is presented as probable cause to search: (1) as a black and blue Samsung Verizon, flip-style cellular phone bearing IMSI #A0000048AB3C22 (Subject Telephone #1); (2) a black Verizon Galaxy Note 4, "smart" cellular telephone bearing IMSI #353756073408205 (Subject Telephone #2), and (3) a black and blue Samsung Verizon, flip-style cellular telephone bearing IMSI #A0000048D09DD7 (Subject Telephone #3). All three phones were seized from Daniel Aran during the service of a search warrant for his person and vehicle and his arrest on January 28, 2016 in Las Cruces, New Mexico.

6. Because this affidavit is being submitted for the limited purpose of establishing probable cause, I have not included each and every known fact regarding the instant investigation. More specifically, I have set forth only pertinent facts that I believe are necessary to establish probable cause to search Subject Telephone #1, Subject Telephone #2, and Subject Telephone #3 (collectively referred to as the "Subject Telephones") for evidence of violations of 21 U.S.C. § 841.

7. The request to search Subject Telephones is based on the following facts:

    a. On January 27, 2016, New Mexico State Narcotics Agent Felipe Gonzales and I obtained a search warrant for Daniel Aran's 2012 Dodge pick-up. The search warrant was approved by the Honorable New Mexico State Judge D. Driggers. The search warrant was based on several controlled undercover purchases of cocaine from another individual which took place between December 14, 2015 and January 26, 2016.

    b. On Thursday, January 28, 2016, Las Cruces Police Officers and U.S. Marshals were briefed on the search warrant. In the evening hours of this date, officers observed Daniel Aran sitting in the driver's seat of his 2012 Dodge Pickup, which was parked in front of his apartment on Enzie Street in Las Cruces, NM. Two other male individuals were also inside the vehicle.

    c. Las Cruces Police Department (LCPD) Officer Cody Austin engaged his spotlight on the vehicle, illuminating the area. The right front passenger opened the passenger-side door and fled between the apartment

complexes. At that point, LCPD Officer Austin observed Daniel Aran raise his hands in the air. Officer Austin could clearly see a clear plastic bag with suspected cocaine inside of it. Aran then tossed the above mentioned item out of the open passenger door, and the item landed on the hood of a nearby vehicle. Aran stepped out of his truck and began to walk backward towards his apartment with his hands raised. After several verbal commands, he complied and was taken into custody. Officer Austin conducted a pat down search of Aran and located a small clear plastic bag with suspected cocaine inside of Aran's right front pant pocket. Aran was then secured in a marked unit. Officer Austin also located and seized the clear plastic bag containing suspected cocaine which Daniel Aran had thrown out of his truck.

   d. The Subject Telephones were located in the front driver's seat area of the vehicle where Aran had been sitting, which leads me to believe that the Subject Telephones belong to Aran. None of the other subjects claimed ownership of the phones. Approximately a couple of days after Aran's arrest, Aran's mother called the New Mexico State Police office asking for her son's phones which she stated she had purchased for him.

   e. Daniel Aran's Adult Probation Officer (APO) was made aware of the situation and was also on scene. APO made entrance into Daniel Aran's apartment and located approximately 36.5 grams of suspected cocaine, several digital scales, marijuana, empty green marijuana prescription bottles, and a couple of smoking pipes (bongs) in the kitchen.

   f. All the suspected cocaine and marijuana obtained was field tested and resulted in positive results.

8. Based on the above information, there is probable cause to believe that evidence of violations of 21 U.S.C. § 841 are located in the Subject Telephones. Therefore, I respectfully request that this Court issue search warrants for the Subject Telephones, more particularly described in Attachment A, authorizing the seizure and examination of the items described in Attachment B.

Dated this 8th day of February, 2016.

Paul Lujan
FBI Task Force Officer

SUBSCRIBED and SWORN to before me this 8th day of February, 2016.

Gregory B. Wormuth
United States Magistrate Judge